## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID P. HANEY,          )
                                )
         Plaintiff,         )
                                )
v.                          )     **Case No. 07-4015-JAR**
                                )
UNIVERSITY OF KANSAS, and   )
RALPH OLIVER, in his Individual   )
and Official Capacity          )
                                )
         Defendants.      )

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT UNIVERSITY OF KANSAS

Defendant, the University of Kansas, through counsel, for its answer and affirmative defenses to plaintiff's petition states:

## JURISDICTION AND VENUE

1. Admitted that plaintiff has attempted to plead a Title VII employment claim against the defendant the University of Kansas, and that jurisdiction for such a claim would be proper in this court.  Denied that the Court has jurisdiction over the State defendant, University of Kansas, under any of the other claims pleaded by plaintiff.

2. Admitted that this Court has jurisdiction over plaintiff's Title VII claim against the defendant the University of Kansas, but denied that the Court has jurisdiction over this defendant with respect to the other federal claims asserted or the pendent state law claims.

3. Admitted that venue is proper in this Court for the claims over which the Court has jurisdiction against this defendant.

4.  Admitted.

## **PARTIES**

5.  Admitted.

6.  Admitted.

7.  Admitted.

## **FACTUAL ALLEGATIONS**

8.  Admitted.

9.  Admitted.

10. Admitted that plaintiff became a University Police Officer on or about December 1989, the remainder of this paragraph is denied.

11. Admitted.

12. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

13. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

14. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

15. Admitted.

16. Admitted that the University has an "Acceptable Use of Electronic Information Resources" policy, a copy of which is attached and incorporated by reference herein as Exhibit 1.  The remainder of this paragraph is denied.

17. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

18. Admitted that on or about December 20, 2005, plaintiff was placed on administrative leave with pay pending an investigation. The remainder of this paragraph is denied.

19. Admitted that plaintiff was directed to meet with an investigator conducting an internal affairs investigation and an investigator conducting a criminal investigation. The remainder of this paragraph is denied.

20. Denied.

21. Denied.

22. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

23. Denied.

25. Admitted.

26. Denied.

27. Denied.

28. Admitted that plaintiff filed such an appeal but he later withdrew the appeal so it was dismissed.

29. Denied.

30. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

31. Denied.

32. Denied.

33. Defendant is without sufficient information to admit or deny this allegation and therefore denies same.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII

34. Defendant incorporates its responses to paragraph 1-33 above.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

Defendant further denies that plaintiff has been discriminated against based on his race, denies that plaintiff is entitled to relief of any kind, and requests dismissal of plaintiff's claim with costs assessed against plaintiff and for such other relief as the Court deems just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

40. Defendant incorporates by reference herein its responses to paragraphs 1-39 above.

41. Denied.

42. Admitted that defendant was terminated from employment, and that he was banned from campus based on his having threatened physical violence against University employees. The remainder of this paragraph is denied.

43. Denied.

44. Denied.

Defendant further denies that plaintiff has been discriminated against based on his race or retaliated against, denies that plaintiff is entitled to relief of any kind, and requests

dismissal of plaintiff's claim with costs assessed against plaintiff and for such other relief as the Court deems just and proper.

## COUNT III
## DEPRIVATION OF A LIBERTY INTEREST

45. Defendant incorporates by reference herein its responses to paragraph 1-44 stated above.

46. Admitted.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

Defendant further denies that plaintiff has stated a claim for deprivation of a liberty interest against this defendant, denies that plaintiff is entitled to relief of any kind, and requests dismissal of plaintiff's claim with costs assessed against plaintiff and for such other relief as the Court deems just and proper.

## COUNT IV
## INJUNCTIVE AND MONETARY RELIEF AGAINST
## RALPH OLIVER IN HIS INDIVIDUAL CAPACITY FOR VIOLATION
## 42 U.S.C. § 1983

52.  Defendant incorporates by reference herein its response to paragraphs 1-51 stated above.

53. - - 57.  Plaintiff's complaint clearly states that this claim is against Ralph Oliver in his individual capacity and is not a claim against this defendant the University of

Kansas.   Accordingly, no response to these allegations is required of this defendant.

## COUNT V
## TORTIOUS INTERFERENCE

58. Defendant restates and incorporates its responses to paragraphs 1-57 above.

59. Admitted.

60. Denied that the University of Kansas was aware of plaintiff's employment. Admitted that Ralph Oliver was aware of plaintiff's employment with Washburn University.

61. Denied.

62. Denied.

Defendant further denies that plaintiff has stated a claim for tortious interference against this defendant, denies that plaintiff is entitled to relief of any kind, and requests dismissal of plaintiff's claim with costs assessed against plaintiff and for such other relief as the Court deems just and proper.

## COUNT VI
## DEFAMATION

63. Defendant incorporates by reference herein its responses to paragraphs 1-62 stated above.

64. Denied.

65. Denied.

66. Denied.

67. Admitted.

68. Admitted that defendant Ralph Oliver was aware of plaintiff's employment. Denied that the defendant University of Kansas was aware of plaintiff's employment.

69. Denied.

70. Denied.

Defendant further denies that plaintiff has stated a claim for defamation against this defendant, denies that plaintiff is entitled to relief of any kind, and requests dismissal of plaintiff's claim with costs assessed against plaintiff and for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant, University of Kansas, in further answer to plaintiff's complaint and for its affirmative defenses states:

1. Plaintiff's complaint fails to state a claim on which relief may be granted.

2. The Court lacks subject matter jurisdiction because defendant is immune from suit based on its Eleventh Amendment immunity and sovereign immunity.

3. Defendant is immune from suit based on the discretionary function immunity provided under K.S.A. § 75-6104(e).

4. Any statements made concerning plaintiff were true.

5. Defendant, a state university, is not a person subject to suit under 42 U.S.C. § 1983.

6. Defendant reserves the right to amend its answer and to raise additional defenses identified in the course of discovery and litigation of this matter.

WEHREFORE defendant further denies that plaintiff has stated any claim for relief against this defendant, denies that plaintiff is entitled to relief of any kind, and requests dismissal of plaintiff's claim with costs assessed against plaintiff and for such other relief as the Court deems just and proper.

Respectfully submitted,


_____/s  Sara L. Trower_____

Sara L. Trower, Ks. SC # 21514
Associate General Counsel and Special
Assistant Attorney General
Room 245 Strong Hall
1450 Jayhawk Blvd.
Lawrence, KS 66045
Tel:  (785) 864-3276
Fax:  (785) 864-4617
E-mail:  strower@ku.edu

*Attorney for Defendant University of Kansas and Ralph Oliver*


## CERTIFICATE OF SERVICE

The undersigned counsel certifies that a true and correct copy of the foregoing was electronically filed this 19th day of February, 2007, with the clerk of the court by using the CM/ECF system and that a copy of the foregoing pleading was served by U.S. Mail, first-class postage prepaid, and e-mail on:

*Pro Se Plaintiff*:
David P. Haney
3550 SE 23d Terrace
Topeka, KS 66605
Dave40topeka@yahoo.com


_____/s Sara L. Trower_____