IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2007 JUL 10  P 1: 32

RALPH L. DELOACH
CLERK
BY_____, DEPUTY
AT TOPEKA, KS.

David P. Haney, Pro Se Plaintiff
v.
University of Kansas/Ralph Oliver,
Defendants.

Case No. 07-4015-JAR

### MOTION TO QUASH DEPOSITION AND SUPPORTING BRIEF

COMES NOW Rhonda McCracken, by and through her attorney, and moves this court to quash and dismiss the subpoena issued to Rhonda McCracken by the Plaintiff.

### BRIEF IN SUPPORT OF MOTION TO QUASH

This case alleges an employment tort, defamation of character and disparate treatment was committed by the defendants. Ms. McCracken is not a defendant in this case.

First, Ms. McCracken did not employ the Plaintiff at any time relevant to this matter. Further, Ms. McCracken had no supervisory authority at any time over the Plaintiff. She had no influence or any connection in any manner as to the decisions made concerning the employment or termination of the Plaintiff's employment with the University of Kansas or Washburn University.

Plaintiff has alleged a claim for defamation of character as it relates to his termination of employment with the University of Kansas. Ms. McCracken was not involved in the decision to terminate the Plaintiff, and has not spoken with any official with the University concerning that decision. She has no knowledge about any alleged defamation of character of the Plaintiff by any defendant or other person.

1

The claim of tortuous interference concerns Plaintiff's former employment with Washburn University. Again, Ms. McCracken has never spoken to anyone at Washburn University regarding Plaintiff's employment at Washburn. She was not involved in the decision making process of Washburn University concerning the employment or termination of the Plaintiff by the university. She has no knowledge of this event except for what she has learned from Plaintiff.

Ms. McCracken's lack of personal knowledge concerning all issues in this case is grounds to grant this motion. Federal Rule 602, Lack of Personal Knowledge, supports this argument.

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter... The rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact" is a "most pervasive manifestation" of the common law insistence upon "the most reliable sources of information. (Federal Rule 6.02, note.)

Since Ms. McCracken was not involved in any of the alleged actions of the Defendants, she is without knowledge of what actually occurred or why the Defendants took the action's they did in this case.

Irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45. Fed.R.Civ.P. 45(c)(3); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter*, 211 F.R.D. 658, 662 (D.Kan.2003). However, courts have incorporated relevance as a factor when determining motions to quash a subpoena. *Id.* The standard of relevance for materials requested under subpoena is the same as it is under the general discovery provisions in Rule 26(b). *Id.*

2

There is no relevant information or testimony Ms. McCracken can offer in this matter. She is not a party and did witness any of the events surrounding the claims that are the basis for this cause of action.

A request for discovery should be allowed "<u>unless</u> it is clear that the information sought can have no possible bearing on the subject matter of the action." <u>Snowden v. Connaught Lab., Inc.,</u> 137 F.R.D. 336, 341 (D.Kan.1991); see <u>Fed.R.Civ.P. 26(b)(1)</u>. As stated above, Ms. McCracken has no information that can possibly bear on the subject matter of this action. She was not involved in any way with the hiring, firing or discipline of the Plaintiff, which is the basis of this action.

Further, there is a history of violence by Plaintiff against Ms. McCracken. Earlier this year Plaintiff was convicted in the Douglas County District Court of aggravated battery (K.S.A. 21-3414(a)(1)(B)) against Ms. McCracken, a level 7 personal felony (Case No. 2006-CR-001072). It appears that this deposition is an attempt by the Plaintiff to continue having some relationship or involvement with Ms. McCracken. This deposition will serve no purpose but to let the Plaintiff again have contact with Ms. McCracken, something Ms. McCracken would very much like to avoid.

In view of the above argument, Attorney fees are requested in this matter in the amount of $175.00 per hour to be paid by Plaintiff.

WHEREFORE, since there is no evidence or testimony Ms. McCracken can provide that would be relevant to any issue alleged by the Plaintiff, it is requested that this deposition request of Ms. McCracken be quashed immediately by this court and attorney fees awarded as argued above.

Respectfully submitted by:

Donald J. Cooper #14595
Attorney for Rhonda McCracken
610 SW 10th Street, Suite 200
Topeka, Kansas 66612
785-234-2882 x323

## CERTIFICATE OF SERVICE

A true and correct copy of this Motion to Quash Deposition was deposited in the US Mail, postage prepaid, on July 10, 2007 to:

David Haney
3550 SE 23rd Terrace
Topeka, Kansas 66605

Donald J. Cooper #14595

4