IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID P. HANEY,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )        Case No. 07-4015-JAR
                                         )
UNIVERSITY OF KANSAS, and                )
RALPH OLIVER, in his Individual          )
and Official Capacity,                   )
                    Defendants.          )
                                         )

**<u>ORDER</u>**

This matter comes before the court upon movant Rhonda McCracken's Motion to Quash

Deposition and Supporting Brief (Doc. 24).  Plaintiff David Haney issued the subpoena in dispute

and has filed a response to the present motion (Doc. 27).  Counsel for Ms. McCracken has contacted

the court and informed that she will not file a reply brief.  The court has contacted counsel for the

defendants who have informed that they will not file a response brief to the pending motion.

Moreover, the time for them to do so has passed.[1]

On July 19, 2007 the court ordered Ms. McCracken to supplement her motion by filing a

copy of the subpoena in dispute.[2]  As Ms. McCracken has now complied with the court's order and

supplemented her motion,[3] the issues in the instant motion are ripe for disposition.

## I.    Background

*Pro se* plaintiff brings Title VII, 42 U.S.C. 1983, and state law claims of tortious interference

---

[1]D. Kan. Rule 6.1(d)(1).

[2]*See* Order to Supplement (Doc. 30); D. Kan. Rule 37.1(a).

[3]Exhibit in Support of Motion to Quash (Doc. 31).

and defamation against defendants.[4]  On June 29, 2007, plaintiff filed a Notice to take Deposition of Rhonda McCracken (Doc. 21).  This Notice provides that deposition of Ms. McCracken will occur on July 23, 2007 at 10:00 a.m. and shall "continue from hour to hour and day to day until completed."[5]

###    A.    Ms. McCracken's contentions.

On July 10, 2007, Ms. McCracken filed the instant Motion to Quash Deposition and Supporting Brief.  Ms. McCracken argues that she "lack[s] personal knowledge concerning all issues in this case" and "was not involved in any of the alleged actions of the Defendant" and "is without knowledge of what actually occurred or why Defendants took the action's [sic] they did in this case."[6] Indeed, Ms. McCracken alleges she "has no information that can possibly bear on the subject matter of this action."[7]

Moreover, Ms. McCracken informs that a "history of violence" exists between herself and plaintiff evidenced by plaintiff's commission of an aggregated battery against Ms. McCracken, for which plaintiff was convicted of in Douglas County District Court.[8]  To that end, Ms. McCracken describes her noticed deposition as "an attempt by the Plaintiff to continue having some relationship or involvement with Ms. McCracken" which "will serve no purpose but to let the Plaintiff again

---

[4]*See* Complaint (Doc. 1).

[5]*See* Notice (Doc. 21) at p. 1.

[6]Motion to Quash (Doc. 24) at p. 2.

[7]*Id.* at p. 3.

[8]*Id.*

2

have contact with Ms. McCracken, something Ms. McCracken would very much like to avoid."[9] Ms. McCracken also seeks attorney fees from plaintiff related to her bringing the present motion.

### B.    Plaintiff's response.

Plaintiff contends that the testimony Ms. McCracken would offer in her deposition would prove very relevant to his claims.  In his response to the present motion, plaintiff explains that the University of Kansas employed both plaintiff and Ms. McCracken at the time of plaintiff's termination.  At some point prior to his termination from the University of Kansas, plaintiff and Ms. McCracken were involved in a personal relationship.[10]  To that end, plaintiff's response claims that "[i]t was due to allegations made by Ms. McCracken, and her two supervisors that led to an investigation against the Plaintiff by his employer" which ultimately led to plaintiff's termination.[11] Specifically, plaintiff alleges Ms. McCracken has knowledge as to what she reported to plaintiff's supervisors during their investigation of plaintiff and as to her contacts with plaintiff's supervisors after plaintiff's termination when the alleged defamation and tortious interference occurred.[12] Plaintiff also claims Ms. McCracken has "knowledge concerning her involvement in potential criminal activities with Plaintiff's ex-supervisor, Schuyler Bailey, an African American male which occurred very soon after Plaintiff's termination[.]"[13]

As to the issue of Ms. McCracken's safety, plaintiff confirms that he was charged with

---

[9]*Id.*

[10]Response (Doc. 27) at p. 1.

[11]*Id.*

[12]*Id.*

[13]*Id.* at p. 2.

aggravated battery against plaintiff in June of 2006 and convicted of this charge in November of 2006.[14]  To alleviate Ms. McCracken's concerns for her safety, plaintiff responds:

> the Plaintiff in this case has made sure that the subpoena served upon Ms. McCracken has requested a neutral site for this deposition which will be attended by a court reporter, [plaintiff] and the opposing parties['] attorney.  In addition to her safety concerns is the fact that the location of the deposition will take place in a public building with others present.  At no time will Ms. McCracken be alone with the Plaintiff.[15]

Moreover, plaintiff also claims that he has no other means of obtaining the relevant information he seeks from Ms. McCracken other than through her deposition testimony.

## II.     Standard

The movant seeking to quash a subpoena carries the burden to demonstrate good cause and/or the right to be protected.[16]  Pursuant to Fed. R. Civ. P. 45 (c)(3)(A)  the court by which a subpoena was issued *shall* quash or modify the subpoena if it subjects a person to undue burden.[17]  Rule 45 does not enumerate irrelevance as a justification for the court to quash a subpoena.[18]  However, in evaluating motions to quash subpoenas, courts have incorporated relevance as a factor.[19]

---

[14]*Id.*

[15]*Id.*

[16]*Phalp v. City of Overland Park*, No. 00-2543-JAR, 2002 U.S. Dist. LEXIS 9684 at *4 (D. Kan. May 2, 2002)(citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[17] Fed. R. Civ. P. 45(c)(3)(A).

[18]*Id.*; *Goodyear Tire & Rubber Co. v. Kirk's Tire and Auto Servicenter*, 211 F.R.D. 658, 622 (D. Kan. 2003).

[19]*Goodyear Tire & Rubber Co.*, 211 F.R.D. at 622 (citing Advisory Committee Note to the 1970 Amendment of Rule 45(d)(1)(the 1970 amendment makes "it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

In considering relevance as to the question of undue burden of a subpoena, the court should "balance the relevance of the information sought against the burden imposed."[20]  Specifically, the court should consider factors such as relevance, the need of the party for the documents requested, the time period covered by the subpoena, the specificity with which the subpoena describes the documents, and the breadth of the document request.[21]

The scope of relevant discovery is governed by Fed. R. Civ. P. 26(b)(1) which provides in part:

> [P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[22]

## III.    Discussion

As discussed below, the court denies Ms. McCracken's motion to quash.  At the outset, the court notes that several of the factors outlined by *Goodyear Tire & Rubber Co.*, regarding the court's evaluation of relevance in the context of undue burden pursuant to Fed. R. 45(c) relate to the burden

---

[20]*Heartland Surgical Specialty Hospital v. Midwest Division*, No. 05-2164-MLB, 2007 U.S. Dist. LEXIS 53217 (D. Kan. July 20, 2007)(citing *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 622; *In re Coordinated Pretrial Proceedings in Petroleum*, 669 F.2d 620, 623 (10th Cir. 1982)).

[21]*Id.* (citing *Goodyear Tire & Rubber Co.*, 211 F.R.D. at 622).

[22]*Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 U.S. Dist., LEXIS 6220, at *6-7 (D. Kan. Apr. 8, 2004).

surrounding document production.  In the instant case, plaintiff does not seek documents from Ms. McCracken, and as a result, the court will evaluate the issue of relevance without considering the factors surrounding document production.

To that end, in weighing the relevance of the information sought from Ms. McCracken against the burden of plaintiff deposing her, the court is not persuaded to quash the subpoena in dispute.  First, the court believes that Ms. McCracken's deposition could produce information relevant to plaintiff's claim or defendants' defenses.  Plaintiff alleges in his complaint that in October of 2005 Ms. McCracken provided plaintiff with her email password and in December of 2005 advised her supervisor that she had done so.[23]  To that end, plaintiff also contends:

> The University of Kansas' computer policy states that sharing of Outlook email passwords is not grounds for suspension or termination unless the act is repeated or serious in nature. The plaintiff's knowledge of Ms. McCracken's Outlook email password was not repeated or serious in nature.[24]

Plaintiff's complaint also alleges "Plaintiff did not attempt to have Ms. McCracken to [sic] lie or fabricate any stories to the University of Kansas. Ms. McCracken had lied to her own supervisor in regards to the correct amount of time plaintiff had her Outlook email password."[25]

Considering plaintiff's claims arising under Title VII, 42 U.S.C. 1983, and state law the court believes that there is "any possibility" that the deposition testimony of Ms. McCracken might prove relevant to the claims or defenses of the parties.  Specifically, the court believes Ms. McCracken's

---

[23]*See* Complaint (Doc. 1) at p. 3.

[24]*Id.* The court notes that defendants have included as an exhibit a copy of the University's "Information Services Policy." This document does not indicate that sharing of email passwords is only grounds for suspension or termination if repetitious or serious in nature. *See* Defendant University of Kansas' Answer (Doc. 6)(Exhibit 1).

[25]*Id.* at p. 4-5.

testimony might shed light on whether plaintiff's use of her password was frequent or serious in nature. Ms. McCracken's testimony might also provide relevant information as to the investigation conducted into plaintiff's alleged misuse of the University's computer system. Moreover, if, as plaintiff alleges, Ms. McCracken misrepresented plaintiff's use of her password, such information verified in Ms. McCracken's deposition could prove relevant to his claims.

While the court believes that there is "any possibility" that the deposition testimony of Ms. McCracken could provide information relevant to the claims or defenses of the parties, that does not mean that plaintiff has the right to ask Ms. McCracken questions that have no basis or bearing on the pending litigation. Moreover, the Notice of this deposition which states that Ms. McCracken's deposition shall "continue from hour to hour and day to day until completed"[26] conflicts with the parties' Scheduling Order. This Scheduling Order expressly provides that all depositions, with the exception of plaintiff's and defendants' decision makers, "shall be limited to 4 hours."[27] As a result, the court will require plaintiff to conform the length of Ms. McCracken's deposition to the guidelines established in the parties' Scheduling Order.

As to Ms. McCracken's safety concerns, the court finds Ms. McCracken's aversion to participating in the deposition constitutes insufficient grounds to quash the subpoena in dispute. The court is sympathetic to Ms. McCracken's desire to not participate in a deposition conducted by plaintiff. However, as plaintiff is acting as his own counsel, it would prove impossible for plaintiff to conduct Ms. McCracken's deposition without being in the same room with, and speaking directly to, her. Moreover, other than citing plaintiff's previous conviction of aggravated battery, Ms.

---

[26]*See* Notice (Doc. 21) at p. 1.

[27]Scheduling Order (Doc. 9) at p. 5.

McCracken has not expressed any concerns regarding her safety surrounding the deposition itself. Indeed, Ms. McCracken has not expressed that she would fear for her safety leading up to the deposition, during the deposition, or subsequent to the deposition.  So too, Ms. McCracken has not indicated that a restraining order exists preventing plaintiff from contacting her.  Finally, the court finds plaintiff's assurance that Ms. McCracken's deposition will be conducted in the presence of others and will occur in the public setting of the University of Kansas  mitigates, at least partially, Ms. McCracken's concerns.  That said, the undersigned is available via telephone should the need arise to contact the court during Ms. McCracken's deposition.

Accordingly,

IT IS THEREFORE ORDERED that movant Rhonda McCracken's Motion to Quash Deposition and Supporting Brief (Doc. 24) is denied.  Ms. McCracken's request for attorney's fees is also denied.

IT IS SO ORDERED.

Dated this 31st day of July, 2007, at Topeka, Kansas.

  s/ K. Gary Sebelius
K. GARY SEBELIUS
United States Magistrate Judge